# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

BARON AND BARON MEDICAL CORP.,

Plaintiff,

v.

ERIC HARGAN, et al.,

Defendants.

Case No. 17-cv-2133 DMS (JLB)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION**

On June 4, 2018, the Court held a telephonic conference with the parties. After consulting with counsel, the Court ordered the parties to submit supplemental briefing discussing whether subject matter jurisdiction existed over the present action. Having considered the parties' briefs, the relevant legal authority, and the record, the Court dismisses the action without prejudice for lack of subject matter jurisdiction.

## I.
## BACKGROUND

Plaintiff Baron and Baron Medical Corp., a Medicare service provider, was assessed for approximately $2.2 million in Medicare overpayment. (Compl. ¶ 63.) The billing dispute central to Plaintiff's Complaint concerns the propriety of its use

of billing code 37241 for the Clarivein procedure in treating venous reflux disease. (*Id*. ¶¶ 6–7.) The billing dispute arose from a determination by Noridian Health Solutions, LLC ("Noridian"), a for-profit corporation that contracted with Center for Medicare and Medicaide Services ("CMS") to act as a fiscal intermediary ("FI") for California, that the Clarivein procedure should have been billed under different billing codes providing lower reimbursement. (*Id*. ¶¶ 8, 20.)

Plaintiff has appealed the overpayment determination, but has not completed all four levels of the administrative review process. This process consists of the following: First, a provider may request a "redetermination" by the FI. 42 C.F.R. § 405.940. Second, a provider may appeal the redetermination to a qualified independent contractor ("QIC") for "reconsideration." *Id.* § 405.960. If the QIC affirms and the reconsideration becomes final, recoupment of overpayment commences. *Id.* § 405.379(f). Third, a provider may appeal the reconsideration and request a hearing before an administrative law judge ("ALJ"). *Id.* § 405.1002. Upon timely appeal, a provider has a right to a hearing within 90 days. *Id.* § 405.1016. Finally, a provider may seek review of the ALJ's decision by the Medicare Appeals Counsel ("MAC"). *Id.* § 405.1100. The MAC's decision is the final decision of the Secretary of the Department of Health and Human Services ("HHS") and may be appealed to a federal district court. *Id*. § 405.1130; 42 U.S.C. § 405(g).

If a decision is not issued within a statutorily prescribed time period, a provider may bypass the steps in the administrative review process through "escalation." 42 U.S.C. § 1395ff(d)(3); 42 C.F.R. § 405.1100(c). With respect to the third level, if an ALJ fails to issue a decision within 90 days, a provider may escalate the appeal to the MAC, which then has 180 days to act on the escalation request. 42 U.S.C. § 1395ff(d)(3)(A). If the MAC fails to render a decision within 180 days, a provider may seek judicial review in federal court. 42 C.F.R. §§ 405.1132 & 405.1100(d). With respect to the fourth level, if the MAC has not rendered a decision within 90 days, a service provider may seek judicial review in

federal court. *Id*. at § 405.1100(c); 42 U.S.C. § 1395ff(d)(3).

Here, Plaintiff has completed only two of the four levels of administrative review and has not requested escalation of its appeal. (Compl. ¶¶ 11, 67–69.) Based on a massive backlog in Medicare appeals, Plaintiff filed the present action on October 17, 2017, requesting the Court to issue a temporary restraining order ("TRO"), preliminary injunction, and permanent injunction prohibiting Defendant from recouping overpayment pending its exhaustion of administrative remedies. (Compl. at 29.) In the alternative, Plaintiff requests the Court to issue a writ of mandamus ordering the Secretary to provide Plaintiff a hearing with the ALJ within 90 days. (*Id.*) Plaintiff has alleged the following five grounds for the Court to issue injunctive relief: (1) "no review at all" exception set forth in *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 19 (2000), (2) mandamus jurisdiction under 28 U.S.C. § 1361, (3) violation of Plaintiff's procedural due process, (4) *ultra vires*, and (5) preservation of rights under the Administrative Procedures Act ("APA"), 5 U.S.C. § 705. On the same day, Plaintiff filed a motion for a TRO.

## II.

## DISCUSSION

Initially, the Court must resolve whether it has subject matter jurisdiction over the present action. The parties do not dispute Plaintiff has failed to exhaust its administrative remedies prior to filing the action. Nevertheless, Plaintiff argues the Court has jurisdiction pursuant to: (1) the waiver doctrine set forth in *Matthrews v. Eldridge*, 424 U.S. 319 (1976), (2) mandamus jurisdiction under 28 U.S.C. § 1361, (3) the "no review at all" exception.[1] (*See* Mem. of P. & A. in Supp. of Mot. at 18–23; Compl. ¶¶ 73–99.)

---

[1] In the Complaint, Plaintiff alleged the Court has subject matter jurisdiction to issue a *status quo* injunction under the APA. Plaintiff, however acknowledges the APA does not provide an independent basis for jurisdiction, and voluntarily abandons this claim. *See Califano v. Saunders*, 430 U.S. 99, 107 (1977).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The United States, including its agencies and its employees, can be sued only to the extent that it has expressly waived its sovereign immunity. *United States v. Testan*, 424 U.S. 392, 399 (1976). Only Congress can waive immunity, but "waivers of federal sovereign immunity must be unequivocally expressed in the statutory text." *United States v. Idaho ex rel. Dir., Idaho Dept. of Water Res.*, 508 U.S. 1, 6 (1993) (quotation marks and citations omitted).

42 U.S.C. § 405(g) provides "the sole avenue for judicial review of all 'claim[s] arising under' the Medicare Act." *Heckler v. Ringer*, 466 U.S. 602, 615 (1984). Specifically, judicial review of a claim arising under the Medicare Act is available only after a plaintiff has obtained a "final decision" from the Secretary. *Id.* at 605, 617. A "final decision" of the Secretary occurs only after the following two conditions are satisfied: (1) a nonwaivable requirement that a claim be "presented to the Secretary," and (2) a waivable requirement that "the administrative remedies prescribed by the Secretary be exhausted." *Eldridge*, 424 U.S. at 328. "The Medicare Act severely restricts the authority of federal courts by requiring 'virtually all legal attacks' under the Act be brought through the agency." *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 653 (5th Cir. 2012) (quoting *Ill. Council*, 529 U.S. at 13). For waiver of the exhaustion requirement to apply, "[t]he claim must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief sought will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1115 (9th Cir. 2003).

**A.  Waiver**

Plaintiff initially relies on 42 U.S.C. § 405(g), as interpreted by the Supreme Court in *Eldridge*, to invoke subject matter jurisdiction over its procedural due

process and *ultra vires* claims. Before determining whether the remaining levels of administrative review should be waived, the Court must first determine whether Plaintiff fairly presented its claims at the administrative level. *Haro v. Sebelius*, 747 F.3d 1099, 1112 (9th Cir. 2014). As indicated above, "[e]xhaustion is waivable, presentment is not…. Only presentment is "purely jurisdictional." *Id.* (citing *Eldridge*, 424 U.S. at 319, 328). Plaintiff argues it has satisfied the nonwaivable requirement of presentment to the Secretary "by diligently pursuing its administrative appeals." (Mem. of P. & A. in Supp. of Mot. at 19.) Plaintiff, however, has not shown it presented its claims challenging the recoupment to the Secretary. This element cannot be waived, as such, and no decision can be rendered if this requirement is not satisfied. *Eldridge*, 424 U.S. at 328; *see Ill. Council*, 529 U.S. at 13 ("[The Medicare Act] demands the 'channeling' of virtually all legal attacks through the agency...."). Accordingly, Plaintiff has failed to show the nonwaivable requirement is satisfied.

In any event, even if Plaintiff had properly presented its claims to the Secretary, Plaintiff has not satisfied the three-part tested articulated above. Specifically, Plaintiff has failed to sufficiently demonstrate the second prong, i.e. irreparable harm. Plaintiff contends a denial of injunctive relief "would result in the economic destruction of Plaintiff in a manner not compensable via retroactive payments." (Mem. of P. & A. in Supp. of Mot. at 20.) In opposition, Defendant argues Plaintiff's alleged monetary harm is insufficient to establish irreparability because "if an appeal succeeds, the return of any excess amount recouped plus interest would make the plaintiff whole." (Defs.' Suppl. Br. at 7.) Indeed, "[m]ere financial injury will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation." *People of California v. Tahoe Regional Planning Agency*, 766 F.2d 1316, 1319 (9th Cir. 1985) (citation omitted); *see Casa Colina Hosp. & Centers for Healthcare v. Wright*, 698 F. App'x 406, 407 (9th Cir. 2017) ("[plaintiff] lacks an irreparable injury because a future award of damages

plus interest will make it whole."); *Ramtin Massoudi MD Inc. v. Azar*, No. 218CV1087CASJPRX, 2018 WL 1940398, at *7 (C.D. Cal. Apr. 23, 2018) ("Ninth Circuit authority holds that monetary injury is normally not considered irreparable"). Moreover, as Defendants point out, if Plaintiff believed it would face significant financial hardship due to recoupment, it could have requested to repay the overpayment in monthly installments overtime, which it has failed to do. Indeed, if a repayment of an overpayment would constitute a hardship, a provider may request an Extended Repayment Schedule ("ERS") to repay the overpayment in monthly installments over a term of up to five years, subject to certain qualifications. *See* 42 U.S.C § 1395ddd(f)(1)(A); 42 C.F.R. § 401.607(c)(2)(vi). Under these circumstances, Plaintiff has failed to demonstrate irreparable injury, and thus, a basis for waiver of the exhaustion requirement.

**B.     Mandamus Jurisdiction**

Next, Plaintiff attempts to use 28 U.S.C. § 1361 to establish subject matter jurisdiction for this Court to issue a writ of mandamus requiring "the Secretary to provide Plaintiff with a fair and impartial evidentiary hearing and decision from a neutral ALJ on the underlying billing dispute within 90 days[.]" (Compl. ¶ 87.) The Ninth Circuit's test concerning when mandamus is appropriate requires that "(1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003). Here, Plaintiff has failed to identify a nondiscretionary duty Defendants owe to Plaintiff that is "free of doubt." *See Cumberland Cty. Hosp. Sys., Inc. v. Burwell*, 816 F.3d 48, 50, 55 (4th Cir. 2016) ("[T]he Medicare Act does not guarantee a healthcare provider a hearing before an ALJ within 90 days, as the [plaintiff] claims.... Congress specifically gave the healthcare provider a choice of either waiting for the ALJ hearing beyond the 90–day deadline or continuing within the administrative process by escalation to the next level of review."); *see also*

*Ivanchenko v. Burwell*, No. 16–CV–9056, 2016 WL 6995570, at *5 (N.D. Ill. Nov. 30, 2016) ("Plaintiffs' failure to exhaust their administrative remedies cannot be excused here ... because the Plaintiffs have alternative administrative avenues to resolve their claims, and the 90–day deadline for ALJs to render their decisions is not mandatory."). In any event, even assuming the three factors are satisfied, there are compelling reasons to deny mandamus. *See Or. Nat. Res. Council v. Harrell*, 52 F.3d 1499, 1508 (9th Cir. 1995) ("The extraordinary remedy of mandamus lies within the discretion of the trial court, even if the three elements are satisfied."). Under the circumstances, granting mandamus would merely allow Plaintiff "'to jump the queue of other identically situated parties' and would therefore achieve an arbitrary result and 'encourage a barrage of mandamus actions by others.'" *Casa Colina Hosp.*, 698 F. App'x at 407. Thus, the Court finds that mandamus is inappropriate.

## C. "No Review at all" Exception

Lastly, Plaintiff relies on *Ill. Council*, 529 U.S. at 19 to argue 28 U.S.C. § 1331 provides subject matter jurisdiction to this Court to issue injunctive relief under the "no review at all" exception to the exhaustion requirement. This exception, however, is narrowly circumscribed and applies only when channeling a claim through the agency would result in the "complete preclusion of judicial review." *Id*. at 23. The Supreme Court "has often drawn between a total preclusion of review and postponement of review." *Id.* at 19. It does not simply permit a plaintiff to avoid § 405(h) with a mere showing that postponement of judicial review would mean inconvenience or cost to the plaintiff. *See id*. at 13 (recognizing that "individual, delay-related hardship[s]" are part of the cost of channeling); *see also Azar*, 2018 WL 1940398, at *10 (finding that the "administrative process will afford an adequate remedy with respect to the alleged recoupment errors[.]"). Thus, the "no review at all" exception does apply.

/ / /

## III.
## CONCLUSION

For the foregoing reasons, the Court lacks subject matter jurisdiction over the present action. Accordingly, this action is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: July 23, 2018

Hon. Dana M. Sabraw
United States District Judge